UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CEDRICK BROWN,

    Petitioner,

v.                                                Case No. 17-C-1678

MICHAEL STRAHOTA,

    Respondent.

## SCREENING ORDER

On November 29, 2017, Petitioner Cedrick Brown filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Brown was convicted in Rock County Circuit Court of possessing between 200 and 1,000 grams of marijuana with the intent to deliver at or near a school as a repeat offender and as a party to a crime. He was sentenced to eight years imprisonment and three years of extended supervision. Brown is currently incarcerated at New Lisbon Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

A federal court is authorized to grant habeas corpus relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The granting of such relief by federal courts is further limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "significantly constrain any federal court review of a state court conviction." *Searcy v. Jaimeti*, 332 F.3d 1081, 1087 (7th Cir. 2003). Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Here, after a review of the petition, its exhibits, and court documents contained in the public record,[1] it is clear that Brown is not entitled to habeas relief under § 2254. Brown lists two separate grounds for relief. He claims that the Wisconsin Court of Appeals applied the wrong standard in evaluating his claim that insufficient evidence supported his conviction and that it applied the standard unreasonably. The United States Supreme Court recognized that the relevant question in reviewing sufficiency of evidence claims is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the

---

[1] The form for § 2254 petitions instructs the petitioner to attach a copy of the state court decisions if available. *See* Rules Governing § 2254 Cases. Although Brown did not do so in this case, court documents are nevertheless public records of which the court can take judicial notice. *See White v. Keely*, 814 F.3d 883 (7th Cir. 2016).

2

crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted). In *State v. Poellinger*, the Wisconsin Supreme Court adopted a similar standard: "an appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990) (citation omitted).

Although the Wisconsin Court of Appeals did not mention *State v. Poellinger* specifically, it reviewed Brown's claim under the same standard articulated in *Poellinger*. The court noted that, "[i]n reviewing challenges to the sufficiency of evidence, we give great deference to the trier-of-fact and do not substitute our judgment unless the evidence, viewed most favorably to the verdict, is so lacking in probative value and force that no reasonable fact finder could have found guilt beyond a reasonable doubt." *See State v. Brown*, 2015AP1802–CR, 2016 WL 8614295, at *2 (Wis. Ct. App. Sept. 16, 2016) (citing *State v. Routon*, 2007 WI App 178, ¶ 17, 304 Wis. 2d 480, 736 N.W.2d 530). This standard "effectively duplicates" the federal standard for sufficiency challenges articulated in *Jackson*. *Adams v. Bertrand*, 453 F.3d 428, 432 (7th Cir. 2006). In short, the Wisconsin Court of Appeals applied the correct rule in evaluating Brown's claim.

Next, Brown asserts that the Court of Appeals applied the standard unreasonably. In particular, he asserts that the Court of Appeals intruded on the jury's role as factfinder by presuming what inferences the jury drew from the evidence presented at trial. The court concludes, however, that the Court of Appeals applied the standard correctly. To convict Brown of possessing between 200 and 1,000 grams of marijuana with the intent to deliver at or near a school as a repeat offender and as a party to a crime, the jury was required to find either that Brown had directly committed the

3

offense or that he had aided and abetted the commission of the offense by Stanley Thornton, the other alleged party to the offense. As a result, the State needed to prove the following elements beyond a reasonable doubt: that Brown or Thornton possessed THC; that Brown or Thornton knew or believed the substance was THC; that Brown or Thornton intended to deliver the THC; that the amount of THC possessed was over 200 grams; and that the possession with intent to deliver occurred within 1,000 feet of a school. *See* Wis. Stat. § 961.41(1m).

After articulating the appropriate standard, the court summarized the facts and concluded there was sufficient evidence for a reasonable trier of fact to find Brown guilty. The court noted:

> Pursuant to a traffic stop, law enforcement officers recovered a green leafy substance that appeared to be marijuana packaged into forty-five individually twisted off sandwich baggies from the center console of a vehicle that Thornton was driving and in which Brown was the passenger. There was a shoebox containing baggies with more than 450 additional grams of marijuana in the backseat of the vehicle, and the odor from the marijuana was apparent. The substance in the baggies tested positive for THC. In addition, officers recovered a scale, cash, additional baggies, and four cell phones from the vehicle, $343 and a marijuana blunt from Brown's person.
>
> Brown provided a false name during the traffic stop, tried to move over and start the car while Thornton was being questioned, and then fled on foot and was found hiding in a clump of bushes and a small tree half a block away. After his arrest, Thornton told police that Brown had transferred "all the property" from his own car into Thornton's car earlier in the day.

*Brown*, 2016 WL 8614295, at *1. The court explained that "[b]ased on Thornton's statement to the police, the jury could reasonably infer that Brown himself had brought the marijuana into Thornton's car with the intent to sell it. Additionally or alternatively, the jury could infer from Brown's provision of a false name to police, his flight from the traffic stop, and the amount of cash on his person that he was fully aware of and involved in Thornton's drug-dealing activity." *Id.* at *2. Brown does not contest any of these facts. His argument is that the inferences to which they give

4

rise should not have been considered. Yet, the Court of Appeals properly reviewed the evidence and concluded "any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson*, 443 U.S. at 319. The Court of Appeals decision was eminently reasonable and does not come close to reaching the federal AEDPA standard for relief. Therefore, federal habeas relief is unavailable for this claim. The petition will therefore be dismissed for lack of merit on all claims.

Brown filed with his petition a request to proceed in forma pauperis. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lack sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

Having disposed of this petition, the court must decide whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Petitions. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3). Here, I conclude that reasonable jurists could not debate the outcome, and the petitioner has not shown the denial of any constitutional right. The certificate of appealability is therefore denied. Of course, if Brown wishes to appeal, he must

file a notice of appeal with the Clerk of this Court within thirty days of the date of this order and request that the Court of Appeals issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that Brown's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated this  7th  day of December, 2017.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court